IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. JEFFREY CHIJIOKE-UCHE | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  24-47 |
| | : | |
| SHERWOOD CROSSING | : | |
| APARTMENTS HOMES, NATIONAL | : | |
| CREDIT SYSTEMS, INC. | : | |

### MEMORANDUM

**MURPHY, J.**                                                                                        November 13, 2024

      Plaintiff Dr. Jeffrey Chijioke-Uche, proceeding *pro se*, brings claims under the Fair Credit Reporting Act against defendants Sherwood Crossing Apartment Homes and National Credit Systems, Inc. for reporting inaccurate information on his credit report.  Defendants filed a joint motion to dismiss on the grounds that Dr. Chijioke-Uche's amended complaint lacks sufficient factual allegations to state a claim.  For the following reasons, we grant defendants' motion and dismiss the amended complaint without prejudice.

I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

      Dr. Chijioke-Uche filed an amended complaint against Sherwood Crossing and National Credit Systems on April 16, 2024.  DI 15.  The amended complaint is the operative pleading in this case.[1]  Because we are at the motion to dismiss stage of this litigation, we accept Dr. Chijioke-Uche's allegations as true.

---

[1] *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (explaining that "an amended pleading supersedes the original pleading and renders the original pleading a nullity," and "the most recently filed amended complaint becomes the operative pleading").

The core of Dr. Chijioke-Uche's amended complaint is that defendants furnished credit reporting agencies (CRAs) with inaccurate information in violation of the Fair Credit Reporting Act (FCRA).  DI 15 at 3.  Dr. Chijioke-Uche rented an apartment from Sherwood Crossing for ten years.  *Id.*  In January 2023, he moved out of his apartment due to a pest infestation and maintenance issues.  *Id.*  After serving notice on Sherwood Crossing, he paid his remaining rent balance and vacated the apartment.  *Id.*  He claims that Sherwood Crossing wrongfully "confiscated" his security deposit and sent him a bill for $110.84.  *Id.*  On July 10, 2023, Sherwood Crossing "furnished on [Dr. Chijioke-Uche's] credit report file a collection of $1,790.00."  *Id.*

Dr. Chijioke-Uche asserts that Sherwood Crossing violated the FCRA by furnishing this collection because he does not owe any amount to Sherwood Crossing.  *Id.*  He also claims that Sherwood Crossing violated the FCRA "in conjunction with" National Credit Systems, which acted as the "collection agency."  *Id.*  He states that "pursuant to FCRA inaccurate information dispute procedure," he sent dispute letters to Sherwood Crossing and National Credit Systems.  *Id.*  They "failed to comply [with] FCRA deletion of inaccurate item as they both left the inaccurate information on [Dr. Chijioke-Uche's] credit report file to damage [him]."  *Id.*  Dr. Chijioke-Uche seeks monetary relief and a court order to delete the inaccurate information on his credit report file.  *Id.* at 4.

## II.    DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss Dr. Chijioke-Uche's amended complaint for failure to state a claim.  DI 17; *see* Fed. R. Civ. P. 12(b)(6).  Defendants argue that Dr. Chijioke-Uche's amended complaint should be dismissed because he lacks a private right of action under the FCRA.  DI 17 at 5.  Specifically, they argue that Dr. Chijioke-Uche "fails to allege that he lodged a dispute with

2

a [CRA] prior to filing this lawsuit" or that "the Defendants were notified of the dispute by a [CRA]." *Id.* Defendants also argue that the amended complaint should be dismissed because the claims relate to an unresolved legal question, and Dr. Chijioke-Uche lacks standing to sue. *Id.* at 6-10.

In his opposition brief to defendants' motion to dismiss, Dr. Chijioke-Uche asserts facts that were not included in his amended complaint. He alleges that he notified CRAs Experian, Equifax, and TransUnion of the dispute prior to filing suit against defendants. DI 18 at 19, 20. In support of this allegation, he attaches correspondence between himself and the CRAs concerning the dispute. DI 18-2; DI 18-3; DI 18-4. He also alleges that the CRAs notified defendants of the disputed charge, DI 18 at 21, and defendants "negligently and willfully failed to investigate the inaccuracy," *id.* at 20.

### III. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). At this stage in the litigation, "we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party." *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 566 U.S. at 678.

As Dr. Chijioke-Uche is proceeding *pro se*, we construe his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244-45 (3d Cir. 2013)).  However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245) (emphasis added).

## IV.  DISCUSSION

We agree with defendants that Dr. Chijioke-Uche fails to state a claim under the FCRA. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also Ingram v. Experian Info. Sols., Inc.*, 83 F.4th 231, 236-37 (3d Cir. 2023) (noting that the FCRA "created a regulatory framework . . . 'to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner'" (quoting *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014))).

FCRA § 1681s-2 imposes duties on entities that furnish information to CRAs.  *See* 15 U.S.C. § 1681(s)-2; *SimmsParris v. Countrywide Financial Corp.*, 652 F.3d 355, 358 (3d Cir. 2011).  Section 1681s-2(b) is "the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information."  *SimmsParris*, 652 F.3d at 358 (noting that the liability provisions of 15 U.S.C. §§ 1681n and 1681o "cannot be used by a private individual to assert a claim for a violation of § 1681s-2(a), as such claims are available only to the Government").  We understand from the amended complaint that defendants are furnishers of information.  *See* DI 15 at 3 (alleging that Sherwood Crossing "furnished" inaccurate information).  Therefore, though the amended complaint cites the entirety of the FCRA as the basis for federal question jurisdiction, DI 15 at 2, we assume Dr. Chijioke-Uche brings his claims under § 1681s-2(b), as that is the only option available to him.  *See King v. Verizon N.J. Inc.*, No.

21-11226, 2024 WL 3964252, at *6 (D.N.J. Aug. 27, 2024) (construing *pro se* plaintiff's complaint to bring FCRA claim under § 1681s-2(b)).

To bring a claim under § 1681s-2(b), a plaintiff must show "(1) that he notified a [CRA] of the dispute under § 1681i, (2) that the [CRA] notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the information failed to investigate or rectify the disputed charge." *Taggart v. Norwest Mortg., Inc.*, No. 09-1281, 2010 WL 114946, at *9 (E.D. Pa. Jan. 11, 2010), *aff'd*, 539 Fed. Appx. 42 (3d Cir. 2013); *Crisostomo v. Westlake Fin., Inc.*, No. 5:24-cv-0937, 2024 WL 3204459, at *2 (E.D. Pa. June 26, 2024); *Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp 3d 655, 672 (E.D. Pa. 2015); *see SimmsParris*, 652 F.3d at 359 ("[A] private citizen wishing to bring an action against a furnisher must first file a dispute with the consumer reporting agency, which then must notify the furnisher of information that a dispute exists. Only after this notification can the furnisher face any liability to a private individual.").[2]  "Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer." *SimmsParris*, 652 F.3d at 358.

Dr. Chijioke-Uche alleges that he "sent Dispute letters to both Defendant-1 & Defendant-2." DI 15 at 3. This is not sufficient under the FCRA, which requires that the consumer "first file a dispute with the [CRA]." *Id.* at 359. Then, the CRA, not the consumer, must notify the furnisher of the dispute to trigger a furnisher's duty to investigate. 15 U.S.C.

---

[2] District courts have also required plaintiffs to "make a threshold showing that a tradeline is inaccurate," and "allege facts showing the furnisher's inaccurate tradeline caused the plaintiff's harm." *Crisostomo*, 2024 WL 3204459, at *3; *Gatanas v. American Honda Fin. Corp.*, No. 20-07788, 2020 WL 7137854, at *3 n.3 (E.D. Pa. Dec. 7, 2020); *Seamans*, 744 F.3d at 865 (holding that when assessing the reasonableness of an investigation, a factfinder must balance the potential harm from inaccuracy against the burden to the furnisher).

§§ 1681i(a)(2), 1681s-2(b)(1); *SimmsParris*, 652 F.3d at 358-59.  The amended complaint does not allege that Dr. Chijioke-Uche notified a CRA of the dispute, or that the CRA notified defendants.  *See* DI 15 at 3.  In addition, the amended complaint states that defendants violated the FCRA by leaving the inaccurate $1,790 collection on Dr. Chijioke-Uche's credit report, but it provides no other details about how defendants violated their duty to investigate or rectify the disputed charge.  *Id.*

In his opposition brief to defendants' motion to dismiss, Dr. Chijioke-Uche alleges that he notified CRAs of the dispute prior to filing suit against defendants.  DI 18 at 19, 20.  He attaches, as exhibits, correspondence with CRAs Equifax, Experian, and TransUnion in which he disputes the $1,790 collection.  *See* DI 18-2; DI 18-3; DI 18-4.  He alleges that the CRAs "notified Defendant-1 and Defendant-2 that Dr. Jeffrey Chijioke-Uche disputed the reported information," DI 18 at 21, and attaches pages from his credit reports with the text "Furnisher Notified."  DI 18-3; DI 18-6 at 3.  Because Dr. Chijioke-Uche did not include these additional facts in his amended complaint, we cannot consider them at this stage.  *See Pennsylvania ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *McArdle v. Tronetti*, 961 F.2d 1083, 1089 (3d Cir. 1992) (in a *pro se* proceeding, refusing to consider additional facts in an affidavit filed after the complaint).

As currently drafted, the amended complaint does not allege sufficient facts to assert a private right of action under § 1681s-2(b).  Because we dismiss the FCRA claims on these grounds, we do not reach defendants' other arguments.  We will grant Dr. Chijioke-Uche leave to amend his complaint a second time.  *See* Fed. R. Civ. P. 15 ("The court should freely give leave [to amend] when justice so requires."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103,

111 (3d Cir. 2002) ("[P]laintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile.").

## V.     CONCLUSION

For the foregoing reasons, we grant defendants' motion to dismiss pursuant to Rule 12(b)(6).  Dr. Chijioke-Uche's FCRA claims against Sherwood Crossing and National Credit Systems are dismissed without prejudice and with leave to amend.[3]

---

[3] A second amended complaint should include the factual basis for all claims on which Dr. Chijioke-Uche wishes to proceed.  Any second amended complaint shall be a standalone document that does not rely on the initial complaint, the amended complaint, responses to the motion to dismiss, or any other papers filed in this case to state a claim.  This means that if Dr. Chijioke-Uche wishes to incorporate allegations from the amended complaint or his response to the motion to dismiss in his second amended complaint, he must reassert those allegations in the second amended complaint and cannot merely refer to earlier filings.